Howe, J.
A rehearing having been granted in this case, we have given a careful examination to the testimony, with a view to determine whether the defendant ever sold and delivered to the intervenor the fur. niture in dispute, in such manner as to defeat the privilege claimed by the plaintiffs, her vendors.
It is well settled, that the vendor’s privilege on movables, continues as long as the vendee’s possession, but is lost by a sale and ■ actual delivery by the vendee to a third person. But this delivery must be undoubted, the change of possession actual and continued. Eetter v. Field, 1 A. 80.
The defendant in this case might have made an actual sale of the properly to the intervenor; the latter might have purchased in the utmost good faith, yet if the property remained in possession of the defendant,' the vendor’s privilege would remain unimpaired.
The Judge a quo, who had the opportunity to see and hear the witnesses, arrived at the conclusion that there was no actual delivery of the property from the defendant to the intervenor, but that the former remained really in possession; and we coincide in this opinion. It is therefore unnecessary to consider the question, whether the sale to the intervenor was simulated, or real, fraudulent or honest, for granting it to be both real and honest, it could, without the change of possession, interpose no obstacle to the enforcement of the plaintiffs’ privilege. And it is equally certain, that there being no change of possession, the plaintiffs could not be required to resort to a revocatory action. It was only necessary for them to sue, as they did, for the balance of the price, with the conservatory remedy of sequestration.
Our attention has been called to the fact, as disclosed by the evidence, that the property sequestered, was bonded by the intervenor, and destroyed by fire about three months afterwards, but we do not perceive that this should necessitate any modification of the judgment appealed from.
The bond stands in the place of the property, and in case the property be not forthcoming, the question of the liability of the’ obligor and-surety, after destruction of the sequestered property, if it arise at all, will properly arise in an action on the bond.
It is ordered, adjudged and decreed that the judgment appealed from, be affirmed, with costs in both courts.
HowEim, J., recused.